## M. E. PIERCE v. COBB, CHRISTY & CO.

**Infants—Service of Summons On.**

Where the defendant is an infant under the age of 14 years, the service must be on him and his father or guardian if to be found, if not then upon his mother or any other person having the care or control of him. When the infant is over 14 years it must be served on him

**Sheriff's Return.**

When the sheriff's return shows that the summons was served on the father and his infant daughter, it will be presumed, in the absence of proof, that the infant was under the age of 14 years.

APPEAL FROM CAMPBELL CIRCUIT COURT.

September 14, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

On the question as to the service of process on the infant appellant, we incline to the opinion that the facts returned by the sheriff show a valid service, according to the 81st section of the Civil Code, even if it sufficiently appeared that the appellant was at the time under 14 years of age. Said section provides that—

"Where the defendant is an infant, under the age of 14 years, the service must be upon him and his father or guardian; or, if neither of these can be found, then upon his mother, or any other white person having the care or control of the infant. Where the infant is over 14 years of age, service on him shall be sufficient."

The sheriff's return on the attachment states that he delivered a "summons to Daniel Pierce and to Mary Elizabeth Pierce, his infant daughter."

But it is not distinctly shown that the appellant was at the time under 14 years of age. In the absence of satisfactory proof to the contrary, the sheriff must be presumed to have done his duty under the sanction of his oath; and we do not think the mere expression of an opinion by a single witness that the party was "about thirteen years of age" is sufficient to repel the presumption that the officer properly served the summons upon due inquiry and information as to the age of the infant.

Without renewing at length the transactions and proceedings

leading to the judgment now before this court for revision, it seems to us the judgment and return of the execution there in the Kenton Circuit Court sufficiently established the indebtedness of Daniel Pierce to the appellants, and his insolvency; and we think it was further sufficiently established that the purchase and conveyance from Welch to the appellant was procured and the consideration thereof paid by Daniel Pierce, without any valuable consideration from the appellant, and was fraudulent as to the appellees, whose debt existed prior to said purchase and conveyance, and that the judgment was unauthorized by the pleadings and evidence in the cause.

Wherefore, the judgment is affirmed.

*Hallam & Webster, for appellant.*

*Hawkins & Root, for appellee.*